13-3018-cv
*Gesualdi v. Quadrozzi Equipment Leasing Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2ⁿᵈ day of November, two thousand fifteen.

PRESENT:    DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
            EDWARD R. KORMAN,
                    *Senior District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK
MARROCCO, ANTHONY D'AQUILA,
FRANK FINKEL, JOSEPH FERRARA, MARC
HERBST, THOMAS CORBETT, DENISE
RICHARDSON, AS TRUSTEE AND
FIDUCIARIES OF THE LOCAL 282
WELFARE, PENSION, ANNUITY, JOB
TRAINING AND VACATION AND SICK
LEAVE TRUST FUNDS,

                    *Plaintiffs-Appellees*,

---

[*]   The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

v.                                            13-3018-cv

QUADROZZI EQUIPMENT LEASING CORP.,
AMSTEL RECYCLING & CONCRETE CORP.,
                    *Defendants-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLEES:        THOMAS N. CIANTRA (Tzvi N. Mackson,
                                 Joseph J. Vitale, *on the brief)*, Cohen, Weiss and
                                 Simon LLP, New York, New York.

FOR DEFENDANTS-APPELLANTS:       ERIC W. BERRY, Berry Law PLLC, New York,
                                 New York.

Appeal from the United States District Court for the Eastern District of
New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND**
**DECREED** that the order of the district court is **VACATED** and the case is
**REMANDED**.

Defendants-appellants Quadrozzi Equipment Leasing Corp.
("Quadrozzi") and Amstel Recycling & Concrete Corp. ("Amstel") appeal from a
memorandum and order entered July 12, 2013 (the "Order"), in the United States
District Court for the Eastern District of New York, denying defendants' motion to
vacate a default judgment entered against them in this funds collection case brought
pursuant to the Employment Retirement Income Security Act of 1974, as amended , 29

U.S.C. § 1132 ("ERISA"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs-appellees are Trustees and Fiduciaries (the "Trustees") of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (the "Funds"). The Trustees sued to recover contributions allegedly due under a number of collective bargaining agreements between Quadrozzi and the Local 282. In 2009, after an audit, the Trustees determined that Quadrozzi and Amstel owed money to the Funds.

On January 7, 2011, the Trustees filed this action below. The Trustees alleged that Quadrozzi and Amstel were a single employer sharing common control or that they were alter egos of each other. The complaint was served on Quadrozzi and Amstel, and, with defendants proceeding pro se, the parties entered into settlement discussions. On December 21, 2011, the district court (Bloom, *M.J.*) ordered defendants to respond to the complaint by January 20, 2012. Defendants failed to do so.

On January 31, 2012, the Clerk of the Court entered defendants' default, notice of which was received by both Catherine Quadrozzi, Secretary and Treasurer of Quadrozzi and Amstel, and John Quadrozzi, President of Quadrozzi and Amstel.

On February 2, 2012, plaintiffs informed the district court that defendants intended to hire counsel. Accordingly, the district court extended the Trustees' time to file a motion for a default judgment until April 20, 2012. On April 6, 2012, however,

Catherine Quadrozzi informed the Trustees' counsel that they would be proceeding pro se.

On April 20, 2012, the Trustees filed a motion for default judgment pursuant to Federal Rule Civil Procedure 55(b)(2). Neither defendant responded.

On December 12, 2012, the district court granted the Trustees' motion for a default judgment and entered judgment against defendants in the amount of $1,613,008.66. On April 23, 2013, defendants moved to vacate the default judgment pursuant to Rule 60(b)(1). On July 12, 2013, the district court denied the motion based primarily on its untimeliness. This appeal followed. [1]

## *DISCUSSION*

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This relief is available with respect to default judgments. *See* Fed. R. Civ. P. 55(c). A motion to vacate a judgment brought pursuant to Rule 60(b)(1) "is addressed to the sound discretion of the district court and [this Court] will not reverse the denial of such a motion except for abuse of discretion." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *accord Ruotolo v.*

---

[1] Defendants argue that the December 12, 2012 default judgment is also currently before this Court. It is not. On its face, the Notice of Appeal only appeals "the Memorandum and Order entered in this action on July 12, 2013, which denied the motion by defendants to vacate the default judgment entered against them." Joint Appendix at 1013-14.

*City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion.").

Before a district court enters a default judgment, it must determine whether the allegations in a complaint establish the defendants' liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). This is because "[i]t is an 'ancient common law axiom' that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation omitted). A default only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendants. In addition, we have identified three factors relevant to deciding a motion to vacate a default judgment pursuant to Rule 60(b): "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State St. Bank & Tr. Co.*, 374 F.3d at 166-67 (citations omitted). We have a "strong 'preference for resolving disputes on the merits.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). As a result, in ruling on a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *Id*.

-5-

Here, plaintiffs allege that defendants are liable for unpaid and delinquent contributions and related relief pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, based on single employer and alter ego theories. The district court did not explain its conclusion that the complaint "established" defendants' liability. Special Appendix at 2-3. In its July 12, 2013, Memorandum and Order denying the motion to vacate the default judgment, the district court addressed the timeliness of defendants' motion and whether their default was willful, but it did not opine on the sufficiency of the complaint, nor did it address the merits of defendants' defense or the issue of prejudice to plaintiffs if the default judgment were vacated. In the absence of explanations, it is difficult for us to properly review the district court's exercise of its discretion. Accordingly, we remand to give the district court an opportunity to consider these issues and provide fuller explanations.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-6-