17-135-cv
Gesualdi v. Quadrozzi Equipment Leasing Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand seventeen.

PRESENT:
>       DENNIS JACOBS,
>       GUIDO CALABRESI,
>       DENNY CHIN,
>               Circuit Judges.

_____

THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY PIROZZI, DOMINICK MARROCCO, ANTHONY D'AQUILA, FRANK FINKEL, JOSEPH FERRARA, MARC HERBST, THOMAS CORBETT and DENISE RICHARDSON, as Trustees and Fiduciaries of the Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds,

> Plaintiffs-Appellees,

**QUADROZZI EQUIPMENT LEASING CORP.
and AMSTEL RECYCLING & CONCRETE
CORP.,**
          **Defendants-Appellants.**

_____

**FOR DEFENDANTS-APPELLANTS:**    ERIC W. BERRY, Berry Law PLLC, New
                                   York, NY.

**FOR PLAINTIFFS-APPELLEES:**     TZVI N. MACKSON (with Joseph J.
                                   Vitale on the brief), Cohen, Weiss
                                   and Simon LLP, New York, NY.

     Appeal from an order of the United States District Court
for the Eastern District of New York (Dearie, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the order of the district court is **AFFIRMED.**

     This challenge to the denial of a motion to vacate a default
judgment entered by the United States District Court for the
Eastern District of New York (Dearie, J.), see Fed. R. Civ. P.
60(b)(1), returns to us following a remand that instructed the
district court to explain one of its conclusions and to consider
certain factors that it did not address.  See Gesualdi v.
Quadrozzi Equip. Leasing Corp., 629 F. App'x 111 (2d Cir. 2015).
We assume the parties' familiarity with the underlying facts,
the procedural history, and the issues presented for review.

     A court may enter default judgment for a plaintiff only
after "determin[ing] [that] the [complaint's] allegations
establish [the defendant's] liability as a matter of law."
Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation
omitted).  And in deciding a motion to vacate a default judgment
under Rule 60(b), a court must consider "(1) whether the default
was willful, (2) whether the defendant demonstrates the
existence of a meritorious defense, and (3) whether, and to what
extent, vacating the default will cause the nondefaulting party
prejudice."  State St. Bank & Tr. Co. v. Inversiones Errazuriz
Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004).

2

Our order of remand instructed the district court to "explain its conclusion that the complaint 'established' [the defendants-appellants'] liability."  <u>Gesualdi</u>, 629 F. App'x at 113.  And, while the district court had found that the defendants-appellants' default was "willful," we instructed the court to "address the merits of [the] defendants' defense [and] the prejudice to [the] plaintiffs [that would result] if the default judgment were vacated."  <u>Id.</u> at 113-14.

The district court has now provided the necessary explanation and considered the relevant factors, and it has adhered to its ruling denying the motion for vacatur.  We review the court's conclusion as to the sufficiency of the complaint de novo, <u>see</u> <u>Finkel</u>, 577 F.3d at 84, and its ultimate ruling on the Rule 60(b) motion--including its assessment of the three <u>State Street Bank</u> factors--for abuse of discretion, <u>see</u> 374 F.3d at 166.

An independent review of the record and relevant case law confirms that the complaint is sufficient and that the district court acted within its discretion in denying the motion before it for substantially the reasons stated in its careful December 15, 2016 Memorandum and Order.  <u>See</u> <u>Gesualdi v. Quadrozzi Equip. Leasing Corp.</u>, No. 11-CV-115 RJD/VMS, 2016 WL 7322333 (E.D.N.Y. Dec. 15, 2016).

For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3